UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| BENJAMIN SCHRADER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:15-cv-00240-JDL |
| | ) | |
| STEPHANIE WILLIAMS, | ) | |
| | ) | |
| Defendant. | ) | |

**RECOMMENDED DECISION AFTER SCREENING COMPLAINT PURSUANT TO 28 U.S.C. §§ 1915(e)**

In this action, Plaintiff Benjamin Schrader seeks relief from Defendant Stephanie Williams on a claim of "wrongdoer trespass by way of false claims." (Complaint ¶¶ 3 – 4.) Plaintiff includes no factual allegations in the complaint. On June 29, 2015, the Court granted Plaintiff leave to proceed *in forma pauperis*. (ECF No. 6.)

When a party is proceeding *in forma pauperis*, "the court shall dismiss the case at any time if the court determines," *inter alia*, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under 28 U.S.C. § 1915] are often made *sua sponte* prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989); *see also Mallard v. U.S. Dist. Ct. S.D. Iowa*, 490 U.S. 296, 307-308 (1989) ("Section 1915(d), for example, authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision.").

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all

reasonable inferences therefrom.  *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011).  A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).  "The relevant question ... in assessing plausibility is not whether the complaint makes any particular factual allegations but, rather, whether 'the complaint warrant[s] dismissal because it failed *in toto* to render plaintiffs' entitlement to relief plausible.'" *Rodríguez–Reyes v. Molina–Rodríguez,* 711 F.3d 49, 55 (1st Cir. 2013) (quoting *Twombly,* 550 U.S. at 569 n. 14).  Although a *pro se* plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the complaint may not consist entirely of conclusory allegations, *Young v. Wells Fargo, N.A.*, 717 F.3d 224, 231 (1st Cir. 2013).  *See also Ferranti v. Moran*, 618 F.2d 888, 890 (1st 1980) (explaining that the liberal standard applied to the pleadings of *pro se* plaintiffs "is not to say that *pro se* plaintiffs are not required to plead basic facts sufficient to state a claim").

Simply stated, Plaintiff has failed to assert any facts that would support a claim for relief.  Instead, Plaintiff's entire complaint consists of a solitary conclusory statement.  Because Plaintiff has failed to state a claim, in accordance with 28 U.S.C. § 1915(e)(2)(B), I recommend that the Court dismiss Plaintiff's complaint without service upon Defendant.[1]

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum within fourteen (14) days of being served

---

[1] Additionally, federal courts have limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 377 (1994)).  "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction."  *Id.*  "A court is duty-bound to notice, and act upon, defects in its subject matter jurisdiction *sua sponte*." *Spooner v. EEN, Inc.,* 644 F.3d 62, 67 (1st Cir. 2011).  In the absence of an allegation that suggests that Plaintiff's claim arises under federal law, or an assertion that Plaintiff and Defendant are citizens of different states (Plaintiff lists a Maine address for both parties), this Court would lack jurisdiction over the claim.  *See* 28 U.S.C. §§ 1331, 1332.

with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 7th day of July, 2015.